

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2002

# Scrofani v. Stihl Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3773

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Scrofani v. Stihl Inc" (2002). *2002 Decisions.* Paper 482.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/482

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3773
_____

JOSEPH SCROFANI;
CAROL SCROFANI, per quod

v.

STIHL INCORPORATED, its agents,
servants and/or employees;
STIHL NORTHEAST, its agents,
servants and/or employees;
YORK-HUNTER, its agents,
servants and/or employees;
ABC CORPORATIONS 1-10, their agents,
employees and/or servants;
JOHN DOES, 1-25, (Said names
being fictitious representing
principals, officers, agents,
and employees of defendant
corporations), jointly,
severally and/or individually

YORK-HUNTER,

Third-Party Plaintiff

v.

BENFATTO CONSTRUCTION CORPORATION,

Third-Party Defendant

Joseph Scrofani;
Carol Scrofani,
                              Appellants
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 99-cv-04711
Magistrate Judge:  The Honorable Stanley R. Chesler
_____

Argued July 22, 2002
_____

Before: SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Opinion Filed: August 6, 2002)
_____


Richard S. Mazawey, Esquire (Argued)

Suite 211
1135 Broad Street
Clifton, NJ 07013

Attorney for Appellant


James H. Walsh, Esquire (Argued)
McGuireWoods
901 East Cary Street
One James Center
Richmond, VA 23219
     -and
Robert A. Sachs, Esquire
Monte, Sachs & Borowsky
800 The Plaza
P.O. Box 255
Sea Girt, NJ 08750

Attorneys for Appellees


_____

OPINION
_____


BARRY, Circuit Judge
     Plaintiffs Joseph and Carol Scrofani brought suit against Stihl, Inc. and Stihl Northeast (collectively "Stihl"), in addition to York-Hunter, Inc., for various torts under New Jersey law.  The suit arose from burn injuries that Mr. Scrofani sustained at a York-Hunter construction site on August 4, 1997, while he was using a gasoline-powered saw that was manufactured and sold by Stihl.  The Court granted Stihl's motion to exclude as unreliable the testimony of plaintiffs' expert witness.  It also denied plaintiffs' motion pursuant to Federal Rule of Evidence 104 for a Daubert hearing to assess their expert's qualifications.  The Court then granted Stihl and York-Hunter's motions for summary judgment.  Plaintiffs filed a timely notice of appeal, but subsequently settled with York-Hunter.  They now challenge the exclusion of the testimony of their expert, the denial of a Daubert hearing, and the grant of summary judgment to Stihl.  We have jurisdiction pursuant to 28 U.S.C.  1291.  For the reasons that follow, we will affirm.
     Because the parties are familiar with the underlying facts, we need not recite them in detail here.  Plaintiffs argue that Stihl is liable for the manufacturing and sale of the Stihl Model TS-350 cut-off saw ("TS-350 saw") in or around 1994.  Specifically, they assert that Mr. Scrofani was injured by the TS-350 saw because it (1) was defectively designed and (2) contained inadequate warnings.  To prove these theories of liability, plaintiffs relied almost exclusively on the opinions of expert witness Russell Fote, which, as noted, were excluded from evidence.  The Supreme Court has emphasized that "the trial judge must have considerable leeway in deciding . . . whether particular expert testimony is reliable."  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1997).  We review the Court's decision to exclude expert testimony for abuse of discretion.  United States v. Mathis, 264 F.3d 321, 335 (3d Cir. 2001).
     To be admissible, expert testimony must "not only [be] relevant, but reliable."  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993).  Even if a witness is qualified as an expert, he or she may only testify if:

     (1) the testimony is based upon sufficient facts or data, (2) the testimony is
     the product of reliable principles and methods, and (3) the witness has
     applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Here, it is abundantly clear that what Fote had to say as to both the defective design and inadequate warning claims was not reliable and that the Court did

not abuse its discretion in excluding Fote's testimony.  As the Court observed with respect to design defect, Fote's opinions were not based upon sufficient data, nor were they the product of reliable methods applied to the facts in a reliable manner; indeed, Fote "employed absolutely no methodology at all," merely setting forth "a series of unsubstantiated opinions."  As for the failure to warn, the Court concluded that Forte's report "gave no clue" as to how he reached the "bald conclusion" he reached and "more than suggests" that he did not even read the warnings which accompany the TS-350 saw which, in any event, were the same warnings Fote described as necessary.

Moving to the next issue, plaintiffs claim that a Daubert hearing would have established Fote's qualifications as an expert.  Even if the Court had concluded that Fote was a qualified expert, however, and it did not find that he was not, it would have been proper to exclude the evidence he proffered because, as noted above, he failed to base his conclusions on sufficient data and his methodologies were either nonexistent or wholly unreliable.  Accordingly, the Court did not err in refusing to grant plaintiffs' request for a Daubert hearing.  Oddi v. Ford Motor Co., 234 F.3d 136, 153-54 (3d Cir. 2000).

Finally, plaintiffs argue that the Court erred when it granted summary judgment in favor of Stihl on the defective design and inadequate warning claims.  We exercise plenary review over a grant of summary judgment.  Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999).  Under the New Jersey Products Liability Act, a manufacturer or seller may be held strictly liable for harms caused by a product where (1) the product suffered a manufacturing defect, (2) the product was defectively designed, or (3) the product warnings were inadequate.  N.J.S.A. 2A:58C-2; Roberts v. Rich Foods, Inc., 139 N.J. 365, 375 (1995).  To establish liability, a plaintiff must prove by a "preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose."  N.J.S.A. 2A:58C-2.

Plaintiffs assert that the fuel cap design of the TS-350 saw was defective, causing fuel leakage which combusted and seriously burned Mr. Scrofani.  To establish a design defect claim, a plaintiff "must prove either that the product's risks outweighed its utility or that the product could have been designed in an alternative manner so as to minimize or eliminate the risk of harm."  Lewis v. American Cyanamid Co., 155 N.J. 544, 570 (1998).  Plaintiffs must also prove that such an alternative design was "practical and feasible."  Id. at 571.  Plaintiffs utterly failed to meet their burden, as the Court correctly found, and do not seriously press this claim before us.

Summary judgment for Stihl was also proper on plaintiffs' inadequate warning claim.  "A duty to warn is consonant with a manufacturer's broader duty to place in the stream of commerce only products that are reasonably safe."  Coffman v. Keene Corp., 133 N.J. 581, 598 (1993).  To establish his claim, Mr. Scrofani was required not only to prove that the warnings were inadequate, but that they were the proximate cause of his injury.  When evaluating causation, it is presumed that an injured party "would have followed an adequate warning had one been provided."  Id. at 603.  The defendant may rebut this presumption, however, by producing "evidence that such a warning would not have been heeded."  Id.

Even if the existing TS-350 saw warnings were inadequate, Stihl submitted ample evidence to rebut the presumption that Mr. Scrofani would have heeded an adequate warning.  Scrofani testified that, at the moment of his accident, he was well aware of the risks of using the TS-350 saw and that he was very familiar with the information in the product manual.  Nevertheless, he acted in direct contravention of numerous warnings contained therein.  This disregard of existing warnings demonstrates that Scrofani would have ignored the most perfect of warnings.  "Evidence that a plaintiff would have disregarded an adequate warning . . . tend[s] to demonstrate that the plaintiff's conduct, rather than the absence of a warning, was the cause in fact of the resultant injury." Coffman, 133 N.J. at 604.  Because plaintiffs submitted no evidence indicating that a different warning would have prevented this accident, the grant of summary judgment in favor of Stihl was proper.

For the foregoing reasons, we will affirm.


 TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.


                              /s/ Maryanne Trump Barry

Circuit Judge

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3773


JOSEPH SCROFANI;
CAROL SCROFANI, per quod

v.

STIHL INCORPORATED, its agents,
servants and/or employees;
STIHL NORTHEAST, its agents,
servants and/or employees;
YORK-HUNTER, its agents,
servants and/or employees;
ABC CORPORATIONS 1-10, their agents,
employees and/or servants;
JOHN DOES, 1-25, (Said names
being fictitious representing
principals, officers, agents,
and employees of defendant
corporations), jointly,
severally and/or individually


YORK-HUNTER,

Third-Party Plaintiff

v.

BENFATTO CONSTRUCTION CORPORATION,

Third-Party Defendant

Joseph Scrofani;
Carol Scrofani,
                              Appellants


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 99-cv-04711
Magistrate Judge:  The Honorable Stanley R. Chesler
_____


Argued July 22, 2002


Before: SLOVITER, NYGAARD, and BARRY, Circuit Judges


_____

JUDGMENT

_____


This cause came to be heard on the record from the United States District Court
for the District of New Jersey and was argued on July 22, 2002.

After consideration of all contentions raised by the appellants, it is

ADJUDGED and ORDERED that the denial of a Daubert hearing and the grant of
summary judgment in favor of Stihl be and hereby are affirmed.  Costs taxed against
appellants.  All in accordance with the Opinion of the Court.

ATTEST:



Acting Clerk


Dated: 6 August 2002